[redacted]

[redacted]

**Gary BYLER, Plaintiff—Appellant,**

**v.**

**MARICOPA COUNTY PLANNING & ZONING DEPARTMENT; et al., Defendants—Appellees.**

**No. 05–16663.**

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Decided Aug. 3, 2006.

Gary Byler, Surprise, AZ, pro se.

Richard Garnett, III, Deputy County Atty., Maricopa County Attorney'S Office Division of County Counsel, Phoenix, AZ, Donald Joseph Baier, Jr., Esq., Office of The Attorney General Land & Natural Resources Section, Phoenix, AZ, for Defendants–Appellees.

[redacted]

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Gary Byler appeals pro se from the district court's judgment dismissing his action alleging Arizona state statutes restricting property development in areas surrounding a military base effected an unconstitutional taking, and violated his due process and equal protection rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo dismissals for failure to state a claim or on ripeness grounds. *Ventura Mobilehome Communities Owners Ass'n v. City of San Buenaventura,* 371 F.3d 1046, 1050 (9th Cir. 2004). We affirm.

The district court properly concluded Byler's Fifth Amendment takings claim was not ripe for adjudication, because Byler failed to allege that he obtained a final decision from the government authority implementing the regulations, or that he pursued compensation through state remedies. *See id.* at 1052–53. Accordingly, this claim was properly dismissed for lack of subject matter jurisdiction. *See id.* at 1054. Moreover, the district court properly dismissed Byler's due process claim because the "alleged violation is addressed by the explicit textual provisions of the Fifth Amendment Takings Clause." *See*

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**520**

*id.* (internal quotations and citations omitted).

The district court also properly concluded that Byler failed to state a valid equal protection claim, because Byler failed to allege that the regulations burdened a suspect class or fundamental interest, and there is a rational relationship between the regulations and the legitimate state interests of public safety and military base stability. *See id.* at 1055; *Hotel & Motel Ass'n of Oakland v. City of Oakland,* 344 F.3d 959, 970 (9th Cir.2003) (noting rational basis standard of review is "highly deferential").

The remaining contentions lack merit.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.